**W.K.T. DISTRIBUTING COMPANY, Appellee,**

v.

**SHARP ELECTRONICS CORPORATION, Appellant.**

**Nos. 85–5175, 85–5207.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1985.

Decided March 27, 1986.

---

Duane W. Krohnke, Minneapolis, Minn., for appellant.

Charles W. Becker, Minneapolis, Minn., for appellee.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge and BOWMAN, Circuit Judge.

PER CURIAM.

Appellant Sharp Electronics Corporation (Sharp) contests the amount of damages awarded to appellee, W.K.T. Distributing Company (W.K.T.), by the district court[1] on remand, and also appeals from an order of the district court vacating an award of costs. We affirm.

This case is before this court a second time. In 1980, Sharp terminated W.K.T. as its distributor of its microwave ovens. W.K.T. sued Sharp and was awarded $300,000 in compensatory damages. Sharp appealed and this court affirmed in part, reversed in part and remanded with di-

rections to the district court "to consider W.K.T.'s claim for recoupment damages" and "to reconsider the amount of damages, if any, recoverable by W.K.T. for fraud under Minnesota law." *W.K.T. Distributing Co. v. Sharp Electronics Corp.*, 746 F.2d 1333, 1338 (8th Cir.1984) (*Sharp I*).

Following the remand, the parties submitted briefs, proposed findings and conclusions, and presented oral arguments. The district court determined that W.K.T. suffered a loss of $55,338.70 in nonrecouped expenses as a result of Sharp's termination of the distributorship agreement without good cause and a loss of $30,047.25 in out-of-pocket damages as a result of Sharp's fraudulent misrepresentations and entered judgment accordingly.

Prior to the district court's decision on remand, the chief deputy clerk of the district court awarded Sharp $10,121.42 as taxable costs for the first appeal after this court granted Sharp's bill of costs for $141.92. W.K.T. appealed to the district court who referred the matter to a United States magistrate. Based upon the magistrate's report and recommendation, the district court entered an order vacating the clerk's award. Sharp appealed from this order as well as the determination of damages on remand.

On appeal, Sharp argues that the calculation of recoupment damages was erroneous because the district court failed to subtract W.K.T.'s profits from the unrecouped expenditures and included noncapital expenses as unrecouped expenditures. As for the calculation of fraud damages, Sharp maintains that the district court improperly determined that certain lost profits were actually earned prior to the discovery of the fraud. Lastly, Sharp contends that this court's order granting it $141.92 for costs constituted a determination that Sharp was the prevailing party on the first appeal and that the award of the additional $10,121.42 was mandatory pursuant to FED.R.APP.P. 39(e).

---

1. The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota.

We have carefully considered the record before us and find that we are not persuaded by any of Sharp's arguments on appeal. The district court's calculation of recoupment damages is supported by the record and in accordance with the law set out in *Sharp I, supra*, 746 F.2d at 1336 and *Ag-Chem Equipment Co. v. Hahn, Inc.*, 480 F.2d 482, 486–90 (8th Cir.1973). As for the calculation of fraud damages, the district court's finding that W.K.T. suffered lost profits actually earned prior to the discovery of the fraud was not clearly erroneous and was permissible under *Sharp I, supra*, 746 F.2d at 1338 and *Lowrey v. Dingmann*, 251 Minn. 124, 86 N.W.2d 499, 502–03 (1957). Lastly, it was not an abuse of discretion for the district court to vacate the clerk's award of additional appellate costs to Sharp under the circumstances of this case.

Accordingly, the April 29, 1985 judgment and June 4, 1985 order of the district court are affirmed in all respects. *See* 8TH CIR. R. 14.